USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___11/1/2019___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                    :

RONG DE INVESTMENTS LTD.,          :

                                      :

                  Petitioner,   :

                                      :             17-CV-5941 (VSB)

          -v-                  :

                                      :               **ORDER**

GFS INVESTMENTS, INC.,         :

                                      :

                  Respondent. :

                                      :

-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        On October 19, 2018, I issued an Order granting Petitioner Rong De Investments Ltd.'s

petition to confirm an arbitration award against Respondent GFS Investments, Inc. pursuant to

the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (Doc. 14.) In that Order, I declined Petitioner's

request for attorney's fees and costs in connection with services rendered in the underlying

arbitration. (*Id.* at 9.) However, because Respondent did not abide by the final arbitration award

and failed to participate in this action, I concluded that Petitioner was entitled to reasonable

attorney's fees in connection with bringing the instant lawsuit. (*Id.*) I therefore directed

Petitioner to submit documentation supporting its attorney's fees request, including

contemporaneous billing records documenting, for each attorney, the date, the hours expended,

the nature of the work, and the total amount of costs sought, including documentation of those

costs. (*Id.* at 10.) On November 2, 2018, Petitioner submitted a declaration, along with

contemporaneous billing records, setting forth the basis for its fee request. (Doc. 16.) For the

reasons that follow, Petitioner's request for attorney's fees and costs is GRANTED IN PART

and DENIED IN PART.

## I.    <u>Attorney's Fees</u>

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *11991SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc*., No. 13 Civ. 2608 (JGK), 2014 WL 840965, at \*10 (S.D.N.Y. Mar. 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The starting point in analyzing whether claimed attorney's fees are reasonable is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro–N. R.R. Co*., 658 F.3d 154, 166 (2d Cir. 2011).

In total, Petitioner seeks fees in the amount of $36,035.00 for 62.80 hours of work. (Kaltenbach Decl. Ex. A.)[1] Petitioner was represented in this action by Zhong Lun New York LLP ("Zhong Lun"), a law firm experienced in international commercial arbitration. (Kaltenbach Decl. ¶ 8.) Petitioner seeks fees for the work of four Zhong Lun attorneys: partner Kerry J. Kaltenbach, at a rate of $650 per hour for 30.9 hours; associate Hannah Piao, at a rate of $500 per hour for 18.9 hours; associate Angelica Chopuryan, at a rate of $500 per hour for 11.5 hours; and associate Janet Wu, at a rate of $500 per hour for 1.5 hours. (*Id.* ¶ 5.) I find both the number of hours billed and the hourly rates to be excessive.

### A.    *Reasonable Hourly Rates*

In other cases involving unopposed petitions to confirm an arbitration award, courts typically approve hourly rates of $300 to $400 for partners and $225 to $250 for associates. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Coastal Envtl. Grp. Inc.*, No. 17

---

[1] "Kaltenbach Decl." refers to the Second Supplemental Declaration, Pursuant to this Court's Order of October 19, 2018 (Doc. 14), Regarding Petitioner's Attorney's Fees and Costs, filed November 2, 2018. (Doc. 16.)

Civ. 4667 (KPF), 2017 WL 5157246, at *5 (S.D.N.Y. Nov. 7, 2017) (awarding fees of $300 per hour for counsel and $225 per hour for associates); *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 1:16-CV-1115-GHW, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (awarding fees of $250 per hour for each attorney); *see also Bennett v. Asset Recovery Sols., LLC*, No. 14-CV-4433 (DRH) (SIL), 2017 WL 432892, at *7 (E.D.N.Y. Jan. 5, 2017) (finding that courts "regularly approve hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals").

The cases cited by Petitioner in support of a fee request of up to $700 per hour for senior partners are complex matters litigated by nationally renowned counsel. *See, e.g.*, *Restivo v. Nassau Cty.*, No. 06-CV-6720(JS)(SIL), 2015 WL 7734100, at *3 (E.D.N.Y. Nov. 30, 2015) (authorizing attorney's fee of $700 per hour for nationally recognized trial lawyers in an "exceedingly arduous and complex" case "spanning eight years and two trials"). Furthermore, it is widely accepted that "[r]ates generally fall to the lower end of the spectrum . . . when the case presents only straightforward issues." *Watkins v. Smith*, No. 12cv4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015). Given that this action—an unopposed petition to confirm an arbitration award—was very straightforward, I conclude that the requested hourly rates of $650 per partner and $500 per associate are unreasonably high. However, I have also taken into consideration the fact that Zhong Lun is an international law firm with significant experience in international commercial matters, which employs hundreds of attorneys across more than a dozen offices. (*See* Kaltenbach Decl. ¶ 8; *see also Mawere v. Citco Fund Servs., (USA) Inc.*, No. 09 CIV. 1342 (BSJ)(DF), 2011 WL 6779319, at *4 (S.D.N.Y. Sept. 16, 2011) ("[I]n determining a reasonable hourly rate, courts may generally consider that hourly rates tend to be higher at

large firms to compensate for higher overhead costs." (citing *McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension,* 450 F.3d 91, 97 n.6 (2d Cir. 2006))), *report and recommendation adopted,* 2011 WL 6780909 (S.D.N.Y. Dec. 27, 2011).)  Given the above considerations, I find it appropriate to reduce Zhong Lun's hourly rates to $500 for partner Kerry Kaltenbach and $300 for each of the three associates who worked on the matter.

### B.    *Reasonableness of Hours Expended*

I also find the number of hours that Zhong Lun attorneys reportedly spent on this matter (62.80) to be problematic.  The Second Circuit has established that "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims" should be excluded from the calculation of a reasonable fee.  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).  This action consisted principally of an unopposed petition to confirm an arbitration award, which is a mere six pages in length.  (*See generally* Doc. 1.) Zhong Lun's billing records indicate,  however, that attorneys spent more than twenty-seven hours preparing, filing, and serving the petition.  (*See* Kaltenbach Decl. Ex. A.)  Zhong Lun attorneys also reportedly spent approximately twenty hours preparing a motion for a default judgment.  (*Id.*)  Yet it is well established in this circuit that "default judgments in confirmation/ vacatur proceedings are generally inappropriate."  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)); *see also Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. Super, LLC*, No. 16 Civ. 6387 (PKC), 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (same); *Local 355 United Serv. Workers Union v. LA Mech. Corp.*, No. 15 Civ. 4474 (MKB) (VMS), 2016 WL 4367220, at *2 (E.D.N.Y. July 14, 2016) (same); *Agrera Invs. Ltd. v. Palant*, No. 13 CIV. 8721(KPF), 2014 WL 4958075, at *2 n.7

(S.D.N.Y. Oct. 3, 2014) (same).  A further issue with Zhong Lun's billing records is that at least

5.5 hours for which Petitioner seeks reimbursement appear to have preceded the drafting of the

petition to confirm the arbitration award and instead relate to the underlying arbitration, (*see*

Kaltenbach Ex. A (time entries from March 20, 2017 through April 6, 2017)); however, in my

October 19, 2018 Order, I expressly concluded that Petitioner was only "entitled to reasonable

attorney's fees and costs in connection with bringing this action" and declined to award fees in

connection with the related arbitration.  (Doc. 14, at 9.)

In similar actions to confirm an arbitration award in which the respondent has failed to

answer the petition or otherwise appear, courts have found total billable hours in the single digits

to be reasonable.  *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare

Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Clear It

Out Contracting LLC*, No. 19-CV-1188 (VSB), 2019 WL 2171233, at *3 (S.D.N.Y. May 20,

2019) (awarding fees for 3.7 hours billed by one attorney, one law clerk, and a paralegal); *Trs. of

N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Genrus Corp.*,

No. 17-CV-02193 (VSB) (BCM), 2018 WL 8335270, at *1 (S.D.N.Y. Oct. 23, 2018)

(recommending fee award for 4.8 hours billed by two attorneys), *report and recommendation

adopted*, 2019 WL 2174088 (S.D.N.Y. May 20, 2019); *Trs. of N.Y.C. Dist. Council of

Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman

Retraining, Educ. & Indus. Fund v. Windham Constr. Corp.*, No. 1:17-cv-4630 (VSB) (SDA),

2017 WL 9472944, at *4 (S.D.N.Y. Dec. 27, 2017) (recommending fee award for 8.6 hours

billed by two attorneys and a law clerk), *report and recommendation adopted*, 2018 WL

2338790 (S.D.N.Y. May 22, 2018); *Plaza Constr. Grp.*, 2016 WL 3951187, at *2 (awarding fees

for 9.2 hours spent "draft[ing] the petition for confirmation, perform[ing] research, and

compos[ing] a summary judgment filing").  For all of these reasons, I conclude that a reasonable attorney would have spent no more than 25 hours litigating the instant action.  I will calculate 12.5 of those hours at the reasonable partner rate of $500 per hour, and 12.5 of those hours at the reasonable associate rate of $300 per hour, for a total attorney's fee award of $10,000.[2]

### C.  *Costs*

Petitioner also seeks costs of $345.00, including a $100.00 certification fee, $40.00 in fees for certified copies, and $205.00 in process server fees.  (Kaltenbach Decl. Ex. A.)  Given that such costs are "routinely permitted," *Plaza Constr. Grp.*, 2016 WL 3951187, at *2, I find Petitioner's request for costs to be reasonable.

### II.  Conclusion

For the foregoing reasons, Petitioner's application for attorney's fees in the amount of $36,035.00 is DENIED.  Petitioner is instead awarded $10,000 in attorney's fees.  Petitioner's request for costs in the amount of $345.00 is GRANTED.

SO ORDERED.

Dated: November 1, 2019
        New York, New York

Vernon S. Broderick
United States District Judge

---

[2] This breakdown between partner and associate time roughly mirrors the information set forth in Zhong Lun's billing records, which represent that partner Kerry Kaltenbach was responsible for 30.90 of the 62.80 total hours spent on this matter.  (*See* Kaltenbach Decl. Ex. A.)